UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEE MCCLAIN JR.,

    Plaintiff,

v.                                                          Case No. 2:24-cv-777-JLB-KCD

K. DULEY,

    Defendant.
_____/

## ORDER

Plaintiff David L. McLain, a prisoner of the Florida Department of Corrections, initiated this action on August 26, 2024 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983, generally alleging that the defendant, a corrections officer at Desoto Correctional Institution, failed to protect him from an attack by another prisoner. (Doc. 1.) The Court now considers Defendant Lieutenant Kevin Duley's motion to dismiss. (Doc. 23.)

After careful consideration of the pleadings, Officer Duley's motion is denied, and he is directed to answer the complaint within twenty-one days.

### I.    Pleadings

The relevant facts alleged in Plaintiff's complaint are simple. He asserts that, on March 8, 2023, Inmate Robinson told Officer Duley that he intended to stab and kill Plaintiff. (Doc. 1 at 5.) Officer Duley told Inmate Robinson that he would receive a disciplinary report for making the threat. (Id.) Later that day, Officer Duley placed Inmate Robinson in Plaintiff's cell. (Id.) Shortly thereafter, Inmate

Robinson started banging on the cell door and told Officer Duley that he would not sleep in a cell with Plaintiff. (Id.) Officer Duley told Inmate Robinson that he would move him in five minutes and walked away. (Id.) Another officer approached the cell, and Inmate Robinson told him that he did not want a "bunky." (Id. at 6.) This officer told Inmate Robinson to speak with Officer Duley. (Id.) Inmate Robinson then swore at the officer and started attacking Plaintiff. (Id.) The officer used chemical agents to defuse the situation. (Id.) Plaintiff was later told by other officers that "they [bet] on me to beat Robinson['s] ass due to being a troublemaker[.]" (Id.) Plaintiff alleges that Officer Duley's actions show that he was deliberately indifferent to Plaintiff's safety. (Id. at 8.)

Plaintiff asserts that he received injuries to his lips, teeth, and lower back from the attack by Inmate Robinson. (Doc. 1 at 6.) He claims that he periodically loses vision. (Id.) He also claims that his injuries were painfully inflicted and that he now suffers from memory loss. (Id.) He also suffers from emotional distress, panic attacks, terrifying flashbacks, and nightmares from the attack. (Id. at 7.) He seeks both compensatory and punitive damages. (Id. at 9.)

Officer Duley moves to dismiss this complaint on the grounds that Plaintiff has not stated a section 1983 claim against him, and because he is entitled to qualified immunity. (Doc. 23.) In his response, Plaintiff repeats his allegations and asserts that Plaintiff is not entitled to qualified immunity. (Doc. 26.)

## II.  Standard of Review

In evaluating a motion to dismiss under Rule 12(b)(6), this Court accepts as true all allegations in the complaint and construes them in the light most favorable

to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court has explained that factual allegations must be more than speculative and that "a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Twombly, set forth a two-pronged approach to evaluate motions to dismiss. First, a reviewing court determines whether a plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth. Next, it determines whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 678–79. Evaluating a complaint under Rule 12(b)(6) is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

### III. Discussion

"[A] prison guard violates a prisoner's Eighth Amendment right when that guard actually (objectively and subjectively) knows that one prisoner poses a substantial risk of serious harm to another, yet fails to take any action to

3

investigate, mitigate, or monitor that substantial risk of serious harm." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1102 (11th Cir. 2014). The objective component requires evidence that the officer "disregard[ed] [a] known risk by failing to respond to it in an (objectively) reasonable manner." Caldwell, 748 F.3d at 1099. The subjective component requires evidence that the defendant officer actually knew of a risk of harm to the plaintiff inmate. Mosley v. Zachery, 966 F.3d 1265, 1270–71 (11th Cir. 2020). This standard is one of "subjective recklessness as used in the criminal law[.]" Farmer v. Brennan, 511 U.S. 825, 839–40 (1994). While the deliberate indifference standard is a "difficult burden for a plaintiff to meet," West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007), circumstantial evidence can be used to show that an official had the requisite knowledge. Farmer, 511 U.S. at 842.

      Here, Plaintiff alleges that Inmate Robinson told Officer Duley that—if placed in a cell with Plaintiff—he would kill him. He also suggests that other officers made bets regarding the outcome of a fight between Plaintiff and Inmate Robinson. A jury could infer from this evidence (if proven) that Officer Duley knew of an obvious risk of harm to Plaintiff if he was placed in a cell with Inmate Robinson, but was deliberately indifferent to (or actually encouraged) that risk. While sparse, when construed in Plaintiff's favor, these allegations state an Eighth Amendment deliberate indifference claim for failure to protect. And it is clearly established that an officer violates his duty to protect if he "knows that one prisoner poses a substantial risk of serious harm to another, yet fails to take any

[reasonable] action" to separate them.  Caldwell, 748 F.3d at 1102.  Thus, at this stage of litigation, Officer Duley is not entitled to a Rule 12(b)(6) dismissal or to qualified immunity on Plaintiff's failure to protect claim.[1]

### IV.   Conclusion

It is now **ORDERED** that Defendant Kevin Duley's motion to dismiss (Doc. 23) is **DENIED**.  Defendant Duley shall file an answer to the amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order.

**DONE AND ORDERED** in Fort Myers, Florida on April 9, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[1] At the motion to dismiss stage, Plaintiff's factual allegations are accepted as true and construed in his favor.  This case may look different—and Defendant Duley may re-assert a qualified immunity defense—as the case moves beyond the pleadings and the record is more fully developed.  See Oladeinde v. City of Birmingham, 230 F.3d 1275, 1289 (11th Cir. 2000) (recognizing that "defendants [are] not precluded from asserting the qualified immunity defense throughout the proceedings as the facts [develop]").